1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID M. DAVID,

11            Plaintiff,                    No. CIV S-11-2784 DAD P

12       vs.

13   N. GRANNIS et al.,

14            Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4  § 1915(b)(2).

5  **SCREENING REQUIREMENT**

6         The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4              The Civil Rights Act under which this action was filed provides as follows:

5              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
6              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
7              law, suit in equity, or other proper proceeding for redress.

8    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13   omits to perform an act which he is legally required to do that causes the deprivation of which

14   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15            Moreover, supervisory personnel are generally not liable under § 1983 for the

16   actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

17   defendant holds a supervisorial position, the causal link between him and the claimed

18   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20   allegations concerning the involvement of official personnel in civil rights violations are not

21   sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                              **PLAINTIFF'S COMPLAINT**

23            In his complaint plaintiff has identified a dozen or so prison officials and

24   correctional officers as the defendants in this action.  Plaintiff alleges that on October 22, 2009,

25   two of his fellow inmates attacked him and split his head open.  Plaintiff alleges he needed five

26   staples to suture the wound, received "whip lash" as a result of the attack, and was pepper-

                                              3

1 sprayed causing a permanent degradation to his pre-existing asthmatic bronchitis.  Plaintiff

2 alleges that weeks before the incident took place he informed the defendants that other inmates

3 were planning to attack him as soon as prison officials lifted the then-pending lockdown.  In

4 terms of relief, plaintiff requests monetary damages.  (Compl. at 1-3. & Attach.)

5 **DISCUSSION**

6        The allegations in plaintiff's complaint are so vague and conclusory that the court

7 is unable to determine whether the current action is frivolous or fails to state a claim for relief.

8 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

9 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

10 the defendants and must allege facts that support the elements of the claim plainly and succinctly.

11 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

12 with at least some degree of particularity overt acts which defendants engaged in that support his

13 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

14 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

15 amended complaint.

16        If plaintiff chooses to file an amended complaint, he must allege facts

17 demonstrating how the conditions complained of resulted in a deprivation of his federal

18 constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

19 amended complaint must allege in specific terms how each named defendant was involved in the

20 deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

21 some affirmative link or connection between a defendant's actions and the claimed deprivation.

22 Rizzo, 423 U.S. 362 ; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at

23 743.  Vague and conclusory allegations of official participation in civil rights violations are not

24 sufficient.  Ivey, 673 F.2d at 268.

25        If plaintiff wishes to proceed on an Eighth Amendment failure to protect claim, he

26 is advised that "prison officials have a duty . . . to protect prisoners from violence at the hands of

other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'"  <u>Id.</u> at 834.  However, prison officials do not incur constitutional liability for every injury suffered by a prisoner.  <u>Id.</u>  A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Id.</u> at 847.  Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety.  <u>Id.</u> at 834.  If plaintiff elects to file an amended complaint, he must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference" to his healthy and safety.  In other words, plaintiff must allege that the defendants knew he was at risk of being attacked and explain how the defendants' response to this threat of attack was unreasonable.  Plaintiff is cautioned that "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment. . . ."  <u>Farmer</u>, 511 U.S. at 844.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1       3.  Plaintiff's complaint is dismissed.

2       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: April 2, 2012.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi2784.14a

6