1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID M. DAVID,                          No.  2:11-cv-2784 KJM AC (TEMP) P

12              Plaintiff,

13        v.                                  ORDER

14   N. GRANNIS, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

19        First, both plaintiff and defendants have filed pretrial statements.[1]  As an initial matter, the

20   court has reviewed plaintiff's pretrial statement.  Plaintiff has not complied with Local Rule 281,

21   which requires him to address twenty-two (22) specific matters.  The court will order plaintiff to

22   file an amended pretrial statement that complies with the Local Rules of Court.  Before doing so,

23   however, the court observes that this case could benefit from a second court-supervised

24   settlement conference.  In defendants' pretrial statement, defendants express willingness to

25   /////

26   _____

27   [1]  Plaintiff filed a request for an extension of time to file his pretrial statement.  Before the court
     had an opportunity to address his request, he filed his pretrial statement.  Under these
     circumstances and good cause appearing, the court will grant plaintiff's motion for an extension

28   of time nunc pro tunc and deem plaintiff's pretrial statement timely filed.

1

1    participate in a second settlement conference.  In the interest of justice and judicial economy, the

2    court will order plaintiff to inform the court as to whether he too would be willing to participate

3    in a second settlement conference.

4          Second, plaintiff has filed a request to re-open the time for the parties to conduct

5    discovery and file pretrial motions in this case.  (Doc. No. 51)  He has also filed a motion for

6    summary judgment.  (Doc. No. 50)  Defendants have opposed plaintiff's motion to modify the

7    scheduling order in this case on the grounds that he has not established good cause.  (Doc. No.

8    56)  Plaintiff has filed a reply and emphasizes that he is not an attorney or trained in the law, and

9    the court is required to grant him leeway with respect to procedural rules he encounters for the

10   first time.  (Doc. No. 60)

11         Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the

12   scheduling order for "good cause."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard

13   "primarily considers the diligence of the party seeking the amendment."  See Johnson v.

14   Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).  In this regard, the court may modify

15   a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party

16   seeking the extension."  Id.  See also Zivkovich v. Southern California Edison Co., 302 F.3d

17   1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry

18   should end' and the motion to modify should not be granted.").

19         In this case, plaintiff has not established good cause to modify the court's discovery and

20   scheduling order.  Specifically, plaintiff has not described what efforts he undertook to meet the

21   deadlines for discovery and pretrial motions that this court previously set in this action.  Nor has

22   plaintiff explained why he delayed more than a year after those deadlines passed to file his

23   pending motion.  Accordingly, the court will deny plaintiff's motion to modify the discovery and

24   scheduling order in this case and strike plaintiff's motion for summary judgment as filed out of

25   time.

26         Third, prior to the first settlement conference in this case in June 2015, plaintiff filed a

27   "motion for expedited transportation" and made clear that he did not want any layovers during his

28   transportation to and from the court.  (Doc. No. 40)  As an initial matter, the court did not receive

1   plaintiff's motion until the day of the settlement conference.  Moreover, to this court's

2   knowledge, plaintiff arrived at the court for the settlement conference and returned to his

3   institution of incarceration in a timely manner.  In any case, plaintiff is advised that this court is

4   loath to interfere with day-to-day transportation operations.  See Wright v. Rushen, 642 F.2d

5   1129, 1132 (9th Cir. 1981) (courts should "avoid enmeshing themselves in the minutiae of prison

6   operations").  Accordingly, the court will deny plaintiff's motion as having been rendered moot.

7            Finally, plaintiff has filed a "motion to cease and desist" in which he complains that

8   defendants have implemented a plan of "institutional terrorism" against him and identified him as

9   a target for inmate retaliation.  (Doc. No. 42)  He requests a court order to remove certain prison

10  officials from the "C yard."  (Id.)  Defendants have construed plaintiff's motion as a motion for

11  preliminary injunctive relief and have opposed it on the grounds that it does not concern any of

12  the allegations or parties in this case.  (Doc. No. 43)  Defendants argue that this is a failure to

13  protect case, and although plaintiff seeks to enjoin the "defendants" listed in his motion, these

14  "defendants" are not parties to this cause of action.  (Id.)

15           This court has also construed plaintiff's motion as a motion for preliminary injunctive

16  relief.  Shortly after plaintiff filed his motion, he filed a notice of change of address reflecting his

17  transfer from Sierra Conservation Center ("SCC") to Pleasant Valley State Prison ("PVSP").

18  (Doc. No. 44)  To date, plaintiff remains incarcerated at PVSP and thus, he is no longer subject to

19  the alleged unlawful conditions he complained of at SCC.  See Weinstein v. Bradford, 423 U.S.

20  147, 149 (1975).  Nor does plaintiff's complaint fall within the "capable of repetition, yet evading

21  review" exception to the mootness doctrine.  See Williams v. Alioto, 549 F.2d 136, 143 (9th Cir.

22  1977) ("A mere speculative possibility of repetition is not is not sufficient.  There must be a

23  cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the

24  mootness exception to be satisfied.").  Accordingly, the court will deny this motion as having

25  been rendered moot as well.

26           Accordingly, IT IS HERBY ORDERED that:

27           1.  Plaintiff's motion for an extension of time (Doc. No. 47) is granted nunc pro tunc.

28  Plaintiff's pretrial statement is deemed timely filed;

3

2. Within fourteen days of the date of this order, plaintiff shall inform the court as to whether he is willing to participate in a second court-supervised settlement conference;

3. Plaintiff's motion to modify the discovery and scheduling order in this case (Doc. No. 51) is denied;

4. Plaintiff's motion for summary judgment (Doc. No. 50) is stricken as having been filed out of time;

5. Plaintiff's motion for expedited transportation (Doc. No. 40) is denied as having been rendered moot; and

6. Plaintiff's motion to cease and desist, construed as a motion for preliminary injunctive relief, (Doc. No. 42) is denied as having been rendered moot.

DATED:  March 7, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4